UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 16-10312 |
| VLADIMIR VUJIC, | Chapter 13 |
| Debtor. | |
| | Honorable Jack B. Schmetterer |
| SILVIA MIOLSEVIC, | |
| Plaintiff, | |
| v. | Adversary No. 16 AP _____ |
| VLADIMIR VUJIC, | |
| Defendant. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(2)(A)

**NOW COMES, SILVIA MILOSEVIC** ("Silvia"), by and through her attorneys, C. Dean Matsas & Associates, P.C., and for her Complaint against debtor Vladimir Vujic ("Debtor"), alleges:

### PARTIES AND JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334. Venue is proper here pursuant to 28 U.S.C. Section 1409. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

2. The statutory basis for this complaint is 11 U.S.C. Section 523(a)(2).

3. The Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on March 25, 2016.

4. Plaintiff is a creditor in the Debtor's bankruptcy proceeding.

## BACKGROUND ALLEGATIONS

5.      Prior to the Debtor filing his Chapter 13 petition, Silvia filed a lawsuit against the Debtor on February 22, 2016, in the First District Court of Cook County, under case number: 16 M1-104020, alleging, among other matters, she and the Debtor entered into an Agreement, whereby, Silvia paid $22,000.00 on July 17, 2015, as an initial payment to the Debtor, who held himself out as a contractor or tradesman, for him to provide construction services and materials, as well as architectural services, to Silvia to remodel her real estate property. After the payment was made, the Debtor provided nominal services to Silvia, a value of $1,500.00, but failed to fully provide the services and materials agreed to by Silvia and the Debtor. Thereafter, the Debtor refused to return to Silvia $20,500.00 ($22,000.00 less $1,500.00, paid by the Debtor to hire an architect for Silvia's remodeling project) after she demanded of the Debtor the return of her funds. <u>A copy of the lawsuit complaint outlining Silvia's cause of action against the Debtor is attached hereto as Exhibit "A."</u>

6.      On May 11, 2016, fourteen (14) days after the Debtor's Meeting of Creditors, he filed a Counterclaim against Silvia (along with affirmative defenses) in the aforesaid State Court proceeding. In the Debtor's counterclaim against Silvia, he is seeking an award against Silvia in the amount of: $193,000.00, plus pre-judgment interest and costs. <u>A copy of the counterclaim is attached hereto as Exhibit "B."</u>

7.      The Debtor's bankruptcy petition, specifically Schedule B, did not disclose any claims against Silvia or other third parties, contingent or unliquidated, counterclaims or whether anyone owes the Debtor any amounts. The Debtor did not specifically disclose the aforesaid $193,000.00 counterclaim.

8. On May 27, 2016, Silvia filed an Amended Proof of Claim in the Debtor's bankruptcy proceeding claiming $24,000.00, a slightly higher amount than the claim amount identified in the aforesaid State Court lawsuit, due to Silvia having to pay an additional $3,500.00 to the architect identified in her State Court proceeding, in addition to what she paid to the Debtor for said architect. Said additional payment made by Silvia to said architect was to allow her to continue with her aforesaid real estate remodeling project after the aforesaid State Court lawsuit was filed), due to the Debtor's failure to fully pay said architect from the monies he received from Silvia.

9. On May 18, 2016, Silvia filed an Objection to Confirmation of the Debtor's Chapter 13 Plan. <u>A copy of the Objection To Confirmation Of Plan is attached hereto as Exhibit "C."</u>

10. The Debtor's Chapter 13 Plan essentially provides for the following:

> a) Payment to General Unsecured Claims, only to the extent possible but, not less than 10% of their allowed amount; and
>
> b) The bulk of payments to pay secured creditors' claims, including payments on a loan apparently secured by the Debtor's 2014 Mercedes Benz Sprinter vehicle.

## CAUSE OF ACTION

11. Silvia incorporates herein by reference the allegations of paragraphs 1-10 above.

12. After Silvia paid the Debtor $22,000.00, as stated in her State Court proceeding, and the Debtor only providing nominal services having a value of $1,500.00, the Debtor failed to perform any further meaningful services for Silvia, as stated in her State Court proceeding. The Debtor's obtaining of Silvia's payment and his subsequent failure to provide commensurate and

meaningful services and materials after receiving said funds from her, clearly represents the Debtor had no ability or objective intent to perform under the Agreement he entered into with Silvia and he obtained funds from Silvia by false pretenses, false representation and/or actual fraud.

13. The manner in which the Debtor obtained funds from Silvia, i.e., receiving a sizeable amount of money from Silvia and subsequently failing to perform under his Agreement with her, failing to provide commensurate goods and services for the monies he received from her, is a violation of 11 U.S.C. Section 523(a)(2).

14. The debt owed from the Debtor to Silvia is non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A).

**WHEREFORE**, this Creditor, **SILVIA MILOSEVIC**, prays this Court enter judgment:

a) Finding the amount of $24,000.00, as identified in her Amended Proof of Claim is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A); and

b) Awarding such other relief as this Court deems just and proper.

**SILVIA MILOSEVIC**

By: /s/ C. Dean Matsas

C. Dean Matsas & Associates, P.C., her attorneys

#6194434

C. Dean Matsas, Esq.

C. Dean Matsas & Associates, P.C.

5153 North Broadway Avenue

Chicago, Illinois 60640

1-773-907-9600

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

16M1 104020

| | | |
|---|---|---|
| SILVIA MILOSEVIC, | ) | Case No. _____ |
| | ) | |
| Plaintiff | ) | Amount Claimed: $20,500.00 |
| | ) | Plus Interest and Costs |
| v. | ) | |
| | ) | |
| VLADMIR VUJIC, | ) | Return Date: |
| | ) | |
| Defendant | ) | |

## VERIFIED COMPLAINT

Plaintiff, SILVIA MILOSEVIC, ("Plaintiff"), by her attorneys, The Garbis Law Firm, LLC, complains of VLADMIR VUJIC, ("Defendant"), as follows:

1. Plaintiff is an individual residing in the City of Whiting, State of Indiana, while Defendant is an individual residing in the City of Park Ridge, the County of Cook, in the State of Illinois. Plaintiff is the legal owner of the property located at 517 S. Campbell Ave., Chicago, Illinois 60612 (the "Property"). The agreements and the transactions out of which this action arises took place in Cook County, Illinois.

2. On July 7, 2015, Plaintiff entered into an agreement (the "Agreement") with Defendant where Defendant agreed to provide construction services and materials to Plaintiff for the remodeling of the Property in exchange for the contract price of $215,000.00. A copy of the Agreement is attached hereto as Exhibit "A".

3. Shortly thereafter, on July 17, 2015, Plaintiff provided Defendant with a check, Check No. 512, in the amount of $22,000.00 as a down payment for the construction services and materials that Defendant was to provide pursuant to the Agreement. A copy of Check No. 512 is attached hereto as Exhibit "B".

4. Defendant retained the services of an architect, Senga Architects, to obtain permits and

"A"

drawings for the construction on the Property. On information and belief, Defendant only paid Senga Architects $1,500.00 and still owes a balance of $5,400.00. Senga Architects has made demand on Plaintiff to pay its invoice. A copy of the invoice sent to Defendant from Senga Architects is attached hereto as Exhibit "C".

5. Defendant has failed to perform under the Agreement and has not provided any services to the Property since December 7, 2015. As such, Defendant is in default under the Agreement. As of December 7, 2015, Plaintiff has mitigated her damages by retaining other contractors to finish the remodeling on the Property.

6. Defendant has paid vendors and/or received credits from Plaintiff totaling $1,500.00.

7. There is a balance due from Defendant to Plaintiff for the overpayment of services and goods set forth hereinbefore, in the sum of $20,500.00.

8. Plaintiff has made due demand upon Defendant for the payment of the aforesaid sum, and Defendant has refused and continues to refuse to pay the balance due in the sum of $20,500.00.

WHEREFORE, Plaintiff, SILVIA MILOSEVIC, demands a judgment against the Defendant, VLADMIR VUJIC, in the sum of $20,500.00 plus interest and court costs and other relief as the Court may deem just and proper.

Respectfully Submitted,

SILVIA MILOSEVIC,
Plaintiff herein,

_____
One of Her Attorneys

The Garbis Law Firm, LLC
Attorney for Plaintiff
7101 North Cicero Avenue, Suite 104
Lincolnwood, Illinois 60712
(847) 982-9518
Firm No. 43757
dgarbis@garbislawfirm.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| SILVIA MILOSEVIC, | ) | Case No. 16 M1 104020 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VLADMIR VUJIC, | ) | |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT OF CLAIM

I, Silvia Milosevic, the plaintiff on this matter, being first duly sworn upon my oath depose and states:

1.      I am over the age of 21, under no legal disability, and if called and sworn as a witness in this cause, would testify that I have personal knowledge of the facts set forth in this action.

2.      I am the legal owner of the property located at 517 S. Campbell Ave., Chicago, Illinois 60612 (the "Property").

3.      On July 7, 2015, I entered into an agreement (the "Agreement") with Vladimir Vujic ("Vujic") to provide construction services and materials for the remodeling of the Property.

4.      Shortly after entering into the Agreement, I provided Vujic with a check, Check No. 512, in the amount of $22,000.00 as a down payment.

5.      Vujic retained the services of an architect, Senga Architects, to obtain permits and drawings for the construction on the Property. Vujic only paid Senga Architects $1,500.00 and still owes a balance of $5,400.00. Senga Architects has made demand on me to pay its invoice.

6.      As of December 7, 2015, Vujic has failed to perform the agreed-upon work on the Property and has defaulted on the Agreement. As of that date, I have been forced to mitigate my damages by retaining other contractors to finish the remodeling on the Property.

7.      Pursuant to the amount of money that I have provided to Vujic, less the credits for payments that Vujic has made to vendors, there is a balance due to me from Vujic in the amount of $20,500.00.

Further Affiant Sayeth Naught

_____
Silvia Milosevic
Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the above signed certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the above signed certifies as aforesaid that s/he believes the same to be true

TWO HAPPY CONTRACTORS 7738278407



# Project Proposal

Prepared for: Silvia Milosevic, owner of 517 S Campbell Ave, Chicago, IL, 60612
Prepared by: Vladimir Vujic, Two Happy Contractors
July 7, 2015
Proposal number: 070715

EXHIBIT "A"



Front

Back

This is an image/copy of a check you wrote or deposited.
Please refer to your available balance since this item may not be credited to or debited from your account at this time.

EXHIBIT "B"



**INVOICE**
DATE - 12/24/2015

Vladimir Vujic
(773) 827-8407
vujicyu@gmail.com
www.twohappycontractors.com

| DESCRIPTION OF WORK | QTY/HRS | UNIT PRICE | SUB TOTAL |
|---|---|---|---|
| 517 S Campbell Ave, Chicago, IL 60612-Architectural Permit Drawings | | | $6,000.00 |
| City of Chicago permit application fees | | | $900 |
| Payment Made | | | -$1500 |

| | |
|---|---|
| GRAND TOTAL | $6,900.00 |
| PAYMENT MADE | -$1,500.00 |
| BALANCE DUE : | $5,400.00 |

**PAYMENT TERMS**
To be made payable to Firmin S. Senga, SENGA ARCHITECTS

**ADDRESS**
659 W RANDOLPH STREET #1205, CHICAGO, IL 60661
TEL:(773) 656-8946
EMAIL: FSENGAS@GMAIL.COM
WWW.SENGAARCH.COM

APPROVED BY : SENGA ARCHITECTS

NAME: FIRMIN S. SENGA

DATE :02/13/2016

EXHIBIT "C"

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
ROOM: 1110
PAGE 1 of 6
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| SILVIA MILOSEVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VLADIMIR VUJIC, ) | Case No. 16 M1 104020 |
| ) | |
| Defendant. ) | |
| VLADIMIR VUJIC, ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| vi. ) | |
| ) | |
| SILVIA MILOSEVIC ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | |

### VLADIMIR VUJIC'S VERIFIED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO SILVIA MILOSEVIC'S VERIFIED COMPLAINT

Defendant, Vladimir Vujic ("Vujic"), by and through his attorneys, Elvis Gonzalez, Ltd., and for his Verified Answer, Affirmative Defenses and Counterclaim filed by Plaintiff, Silvia Milosevic ("Milosevic"), alleges as follows:

1. Plaintiff is an individual residing in the City of Whiting, State of Indiana, while Defendant is an individual residing in the City of Park Ridge, the County of Cook, in the State of Illinois. Plaintiff is the legal owner of the property located at 517 S. Campbell Ave., Chicago, Illinois 60612 (the "Property"). The agreements and the transactions out of which this action arises took place in Cook County, Illinois.

**ANSWER:**

Vujic admits he is resides in the City of Park Ridge, Cook County, Illinois. As to the

"B"

remaining allegations in Paragraph 1, Vujic has insufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2. On July 7, 2015, Plaintiff entered into an agreement (the "Agreement") with Defendant where Defendant agreed to provide construction services and material to Plaintiff for the remodeling of the Property in exchange for the contract price of $215,000.00. A copy of the Agreement is attached hereto as "Exhibit A".

**ANSWER**:

The allegations contained in Paragraph 2 are legal conclusions to which no answer is required. To the extent the allegations are deemed to be allegations of fact, Vujic denies the allegations, and demands strict proof thereof.

3. Shortly thereafter, on July 17, 2015, Plaintiff provided Defendant with a check, Check No. 512, in the amount of $22,000.00 as a down payment for the construction services and materials that Defendant was to provide pursuant to the Agreement. A copy of Check No. 512 is attached hereto as "Exhibit B".

**ANSWER**:

Vujic admits the allegations contained in Paragraph 3.

4. Defendant retained the services of an architect, Senga Architects, to obtain permits and drawings for the construction on the Property. On information and belief, Defendant only paid Senga Architects $1,500.00 and still owes a balance of $5,400.00. Senga Architects has made demand on Plaintiff to pay its invoice. A copy of the invoice sent to Defendant from Senga Architects is attached hereto as Exhibit "C".

**ANSWER**:

Vujic denies the allegations in Paragraph 4, and affirmatively avers that Senga Architects

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
PAGE 2 of 6

has made no demand upon Plaintiff, but that Plaintiff contacted Senga to request that it transmit her a copy of the invoice.

5. Defendant has failed to perform under the Agreement and has not provided any services to the Property since December 7, 2015. As such, Defendant is in default under the Agreement. As of December 7, 2015, Plaintiff has mitigated her damages by retaining other contractors to finish the remodeling on the Property.

**ANSWER**:

Vujic denies the allegations in Paragraph 5, and affirmatively avers that Plaintiff wrongfully terminated the contract between the parties, and directed Vujic and his crew to leave the Property and to cease working on the project.

6. Defendant has paid vendors and/or received credits from Plaintiff totaling $1,500.00.

**ANSWER**:

Vujic denies the allegations in Paragraph 6.

7. There is a balance due from Defendant to Plaintiff for the overpayment of services and goods set forth hereinbefore, in the sum of $20,500.00

**ANSWER**:

Vujic denies the allegations in Paragraph 7.

8. Plaintiff has made due demand upon Defendant for the payment of the aforesaid sum, and Defendant has refused and continues to refuse to pay the balance due in the sum of $20,500.00.

**ANSWER**:

Vujic denies the allegations in Paragraph 8.

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
PAGE 3 of 6

WHEREFORE, Defendant Vladimir Vujic denies that Plaintiff Silvia Milosevic, is entitled to any relief whatsoever, and prays that judgment be entered in his favor.

## AFFIRMATIVE DEFENSES

Defendant, Vladimir Vujic, further answering the Plaintiff's Complaint by way of Affirmative Defenses, and without waiver of the denials set forth in their Answer, state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (AGENCY – NO PERSONAL LIABILITY)

1. Vujic transacts business through 2 Happy Contractors, Inc., a corporation organized under the laws of the State of Illinois ("2HC").

2. In executing the Proposal at issue in this matter, Vujic was acting as the agent of a disclosed principal, 2HC

3. To the extent any liability is found to exist to Plaintiff under the contract at issue, the liability is only that of 2HC, and not Vujic, individually.

WHEREFORE, Defendant, Vladimir Vujic, prays that judgment be entered in his favor and against Plaintiff, Sylvia Milosevic, and for such other and further relief as the Court deems just and equitable.

## COUNTERCLAIM

Defendant/Counter-Plaintiff Vladimir Vujic, ("Vujic"), by and through his attorneys, Elvis Gonzalez, Ltd., for his Verified Counterclaim against Plaintiff/Counter-Defendant, Silvia Milosevic ("Milosevic"), alleges as follows:

1. Vujic incorporates by reference herein the allegations contained in Paragraphs 1 through 8 of his Answer, Paragraphs 1 through 3 of his First Affirmative Defense as if fully set forth herein.

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
PAGE 4 of 6

2. On or about December 17, 2015, Milosevic tendered Vujic a check in the amount of $12,500.00, which was dishonored for insufficient funds. When Vujic contacted Milosevic, concerning the dishonored check, she became belligerent, and directed that Vujic and his subcontractors leave the Property and perform no further work under the parties' contract.

## COUNT I
## (BREACH OF CONTRACT)

3. The parties hereto entered into an agreement attached to Plaintiff's Complaint as Exhibit A.

4. Vujic has performed all obligations required of him under the parties' agreement.

5. Milosevic breached the agreement by virtue of her conduct alleged with more specificity abov.

6. As a proximate result of Milosevic's breach, either Vujic or 2HC has been injured.

WHEREFORE, Defendant/Counter-Plaintiff, Vladimir Vujic, prays that the Court enter judgment in his favor, or in favor of 2 Happy Contractors, Inc. in the amount of $193,000.00, plus pre-judgment interest, costs, and such other relief as the Court deems just and equitable.

Respectfully Submitted,

VLADMIR VUJIC,

/s Elvis D. Gonzalez
By: His Attorney

Elvis D. Gonzalez
egonzalez@elvisgonzalezltd.com
ELVIS GONZALEZ, LTD.
233 S. Wacker Dr., Ste. 2100
Chicago, IL 60606
312-558-9779
Firm No. 43658
407111.1-11960.00200

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
PAGE 5 of 6

ELECTRONICALLY FILED
5/11/2016 11:38 AM
2016-M1-104020
PAGE 6 of 6

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the instrument to which this Verification is attached are, to the best of knowledge of the undersigned, true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certify as aforesaid that he verily believes the same to be true.

_____
VLADIMIR VUJIC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 16-10312 |
|  | ) | Chapter 13 |
| Vladimir Vujic | ) | Plan Filed on March 25, 2016 |
|  | ) | Confirmation Hearing: May 18, 2016, at 11am |
| Debtor(s). | ) | Honorable Jack B. Schmetterer |

## OBJECTION TO CONFIRMATION OF PLAN

**NOW COMES, SILVIA MILOSEVIC**, a creditor herein, by and through her attorneys, C. Dean Matsas & Associates, P.C., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed March 25, 2016, and in support thereof states, as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois.

2. The Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on March 25, 2016.

3. Prior to the Debtor filing his Chapter 13 petition, the creditor filed a lawsuit against the Debtor on February 22, 2016, in the First District Court of Cook County, under case number: 16 M1-104020, alleging, among other matters, the creditor paid $22,000.00 on July 17, 2015, as a down payment to the Debtor, who held himself out as a contractor or tradesman, to provide construction services and materials. After said payment was made, the Debtor failed to fully provide said services and materials and refused to return to the creditor the monies she paid to him.

4. The prosecution of the creditor's aforesaid state court lawsuit has been stayed automatically by operation of 11 U.S.C. Section 362 of the United States Bankruptcy Code.

"C"

5. On May 11, 2016, fourteen (14) days after the Meeting of Creditors on April 27, 2016, the Debtor filed a Counterclaim against said creditor (along with Affirmative Defenses) in the aforesaid pending state court lawsuit. In said counterclaim, the Debtor is seeking an award against the creditor in the amount of: $193,000.00, plus pre-judgment interest and costs.

6. A review of the Debtor's bankruptcy petition, specifically Schedule B, the Debtor does not disclose any claims against third parties, contingent or unliquidated, counterclaims or whether anyone owes the Debtor any amounts. The Debtor does not specifically disclose the aforesaid $193,000.00 counterclaim, raising serious issue as to whether the Debtor has fully disclosed all his assets.

7. On May 13, 2016, the creditor filed a Proof of Claim in the Debtor's bankruptcy proceeding claiming $20,500.00, arising out of the aforesaid state court lawsuit.

8. The Debtor's Chapter 13 Plan essentially provides for the following:

   a) Payment to General Unsecured Claims, only to the extent possible but, not less than 10% of their allowed amount; and

   b) The bulk of payments to pay secured creditors' claims, including payments on a loan apparently secured by the Debtor's 2014 Mercedes Benz Sprinter vehicle.

9. The creditor is not aware of any filed amendments to the Debtor's Schedules disclosing the aforesaid counterclaim in the amount of: $193,000.00. Furthermore, the creditor is not aware of whether the Debtor disclosed his aforesaid counterclaim to the Trustee at the Meeting of Creditors on April 27, 2016.

10. Any such counterclaim of the Debtor must be disclosed to the Trustee (and this Court).

11. The Debtor discloses in his Schedule I he is employed by "Two Happy Contractors" but does not disclose any income (the Debtor does disclose his spouse's income, although his spouse is not a Debtor in the instant bankruptcy petition). In Schedule B, the Debtor discloses tools of the trade, apparently belonging to "Two Happy Contractors."

The Debtor does not disclose in Schedule B any incorporated or unincorporated business interests, yet he identifies himself as a "CEO" of the aforesaid "Two Happy Contractors" in Schedule I of his petition, raising issue as to whether the Debtor has fully disclosed his business interest(s).

12. The aforesaid 2014 Mercedes Benz Sprinter vehicle is generally known to be a high quality commercial vehicle, commonly used in the construction trades and does not serve the purpose as a "personal use" vehicle. The Debtor's aforesaid Plan seeks to make payments on said Mercedes Benz commercial vehicle, ostensibly for the purpose of the Debtor continuing to work as a contractor or tradesman, earning substantial income, yet the Debtor's Plan does not take into consideration the real likelihood of the Debtor earning any income during the lifetime of the Plan. Clearly the Debtor anticipates earning income, otherwise he would not seek to make payments on the aforesaid Mercedes Benz commercial vehicle.

13. The Debtor discloses in his Schedule A, a real estate interest that appears to have equity for the benefit of creditors beyond the selected exemption (after taking into consideration the secured debt against said property).

14. The Debtor's proposed Chapter 13 Plan should not be confirmed and grounds exist for the denial of confirmation of said Plan, for the following reasons:

a) The Plan is not feasible. As proposed, it solely relies upon the debtor's non-filing spouse's income and such income is not adequate to provide for the creditor's claims, in

light of the non-exempt equity that appears in the aforesaid real estate the Debtor identifies in Schedule A.

b) The Plan has not been filed in Good Faith. It does not adequately provide for creditors, in light of the aforesaid equity in the Schedule A real estate, and also it does not take into consideration the Debtor's earning ability and clear intention to earn income, in light of his maintaining and continuing to make payments on the aforesaid commercial vehicle. Furthermore, the Debtor did not disclose in his Petition the aforesaid $193,000.00 counterclaim he filed in state court, fourteen (14) days after the Meeting of Creditors and before the Confirmation Hearing of the Plan.

c) The Plan is not in the best interest of all creditors. It does not pay the creditors what they would receive in a Chapter 7 bankruptcy if Debtor's estate were liquidated, e.g., the Schedule A real estate was sold.

WHEREFORE, this Creditor, SILVIA MILOSEVIC, requests the Court enter an Order denying confirmation of the Debtor's Chapter 13 Plan.

Dated this 17th day of May, 2016.

SILVIA MILOSEVI

By: /s/ C. Dean Matsas

C. Dean Matsas & Associates, P.C.

#6194434

C. Dean Matsas, Esq.

C. Dean Matsas & Associates, P.C.

5153 North Broadway Avenue

Chicago, Illinois 60640

1-773-907-9600